Curia, per

Whitner, J.
The slave of David Lopez was convicted of a capital oifence before a Magistrate's Court, regularly organized, and an application was made to a Judge for a new trial, which was refused.
A motion is now submitted, by way of appeal, for a new trial, on the grounds stated in the brief; and inasmuch as the counsel for the prisoner was fully heard, touching the merit of the case, it may not be amiss to state our entire concurrence with the Judge who heard and refused the application.
It is not the purpose, however, to vindicate that judgment here, in consequence of the view entertained by this Court on a preliminary question, involving the right of appeal to this tribunal on the part of the slave.
In the case of the State vs. Nicholas, a slave, (2 Strob. 278) it was held that an appeal from a Judge’s order, granting a new trial, would not lie at the instance of the State. In the same case, and the subsequent case of the State vs. Lewis, a slave, (4 Strob. 47) the right of the prisoner to a like appeal, where he had been convicted, was incidentally questioned, but, not being necessarily involved, was not expressly decided ; hence, therefore, the propriety of reserving this question by the Judge in his report of this case. The prisoner’s counsel was thereby notified; *292 the point has been fully argued, and now comes up properly for decision.
In the case of Carmand vs. Wall (1 Bail. 209) it was recognized as a “ general rule, that an appeal is not to be allowed from an inferior tribunal, except where it is expressly granted by lawand in the enumeration of inferior Courts, from which appeals had not been allowed, the Court for the trial of slaves was one. This was the view of the question in 1829.
By A. A. 1833 (6 Stat. 489) it was provided “ that when any slave shall be convicted of any capital oifence, and sentenced to suffer death, application in behalf of the prisoner may be made to any one of the Circuit Judges, or Judges of the Court of Appeals, either in open Court, or at Chambers, for a new trial then, after directing that a full report shall be made, and that the sentence shall be suspended, it is further provided that “if from the said report, &c., it shall appear to the Judge that the conviction has been erroneous, the prosecution shall be as in case of a new complaint.” In behalf of the prisoner, an application may be made to the Judge, — not an appeal may be had to the Court. It is precisely the distinction noted in the case of Carmand vs. Wall, which was a proceeding instituted by an apprentice, whose complaint had been first heard by justices and then by a Judge, but could be allowed, in this form, no further prosecution by way of appeal; and the decision is put on the express ground that the appeal was to the Judge and not to the Court.
In the trial of the slave, the Legislature, whilst securing a further hearing, has seen fit to adopt language of special import, which had already undergone judicial exposition.
But because the application may be' made to the Judge in open Court, is the difficulty removed, and the right of appeal secured ? It is not a necessary consequence that, because the application may be thus heard, that it thereby becomes a cáse in the Court of Sessions, entitled to its place on the docket, and to be heard in its turn. How then, too, if the application be made at Chambers ? is the right of the party abridged by the place where his case happens to be heard ? Especially as this may very much *293 depend on the convenience of the Judge, it would subject the present question to a singular test, and lead to very strange conclusions.
A reason for the distinction by the Legislature, and for adopting that distinction by the Court, is apparent. It is well expressed by Wardlaw, J. in the case of the State vs. Nicholas, before cited. “ The appeal to a Judge was a humane provision which has sometimes saved the innocent, and more frequently prevented the irregular or excessive punishment of the guilty; an appeal from the Judge might have the effect of perverting wise legislation to purposes of delay and injustice.” In the Act of 1833, therefore, it was the purpose doubtless to provide a further security to life and property, by subjecting the case to the review of a practised legal mind, without interposing vexatious delays, or needless costs, by allowing appeals to the different Courts. The conclusion to which the Court comes, is confirmed by many analogies.
In conferring power on the Judges to grant certain writs, and hear and determine certain motions at Chambers, the right of appeal was expressly given (7 Stat. 321.) Appeals from the County Court were to the first Court to he held in the district, nnd from the Magistrate’s to the County Court formerly; now the aggrieved party has a right of appeal “ to the first Court which shall be held in the district.” (7 Stat. 246, 268, 296; 11 fütat. 42, Act 1839.) So, too, of appeals from the Court of Ordinary, as authorized by more recent legislation.
Hence, all such appeals become cases in Court, and find their way properly into the Court of Appeals, under the general provision. It is intimated as desirable, that a further construction be given of the Act in reference to the right of the party to elect, whether his application for new trial may be made at Chambers, or in open Court; and whether the Magistrate’s Court should be staid in its sentence in consequence of such election. The Magistrate’s Act of 1839, directs that sufficient time shall be allowed to permit an appeal, as well as to apply to the Governor for a pardon. The appeal is to a Judge, and whether he may *294 be at Chambers or in open Court, he is made accessible to the party accused, not one or the other for the purpose of delay certainly, but for expedition. A reasonable time, under the special circumstances of the case, to secure the just purposes of the law, should be allowed, that application may be made to a Judge for a new trial; and if the party accused will not avail himself of such reasonable opportunity to apply to a Judge, but insists on the place at which he prefers to be heard, in future he may find the magistrate proceeding with the sentence, and a Judge refusing to arrest its execution, because of his own tardiness in prosecuting his motion.
This party not being entitled to an appeal to this Court, the motion submitted in his behalf is therefore refused.
O’Neall, Evans, Wardlaw, Frost and Withers, JJ., concurred.

Motion refused.